# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MUDDY BITES, INC., | Case No: 1:24-cv-07089 |
| *Plaintiff,* | **COMPLAINT FOR (1) UNFAIR COMPETITION UNDER LANHAM ACT, 15 U.S.C. § 1125(A); (2) UNFAIR COMPETITION UNDER NEW YORK COMMON LAW; (3) TRADE DRESS INFRINGEMENT; (4) TRADEMARK INFRINGEMENT; (5) CANCELLATION OF TRADEMARK REGISTRATION; AND (6) DECLARATORY JUDGMENT** |
| v. | |
| EVERGREEN USA LLC, d/b/a JUST THE FUN PART, and DOES 1-10, | |
| *Defendants.* | **JURY TRIAL DEMANDED** |

J. Noah Hagey, Esq.
**BRAUNHAGEY & BORDEN LLP**
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 403-4089
hagey@braunhagey.com

Doug Tilley, Esq.*
**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
tilley@braunhagey.com

**Pro Hac Vice* application
forthcoming

*Counsel for Plaintiff Muddy Bites, Inc.*

Plaintiff Muddy Bites, Inc. ("Muddy Bites" or "Plaintiff") brings this Complaint against Defendant Evergreen USA, LLC ("Defendant") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## SUMMARY OF CLAIMS

1.    Plaintiff Muddy Bites brings this action for federal and common law unfair competition, trade dress infringement, and other unlawful conduct arising from Defendant's sale of copycat versions of Muddy Bites's popular and unique MUDDY BITES® products.

2.    Muddy Bites's co-founders invented the concept of shelf stable, filled mini-cone snacks ("Mini-Cones") in 2018, allowing themselves and their customers to relive the cherished childhood experience of eating that last, chocolate-filled bite of a traditional sundae cone from the ice cream truck.  Unsurprisingly, MUDDY BITES® quickly became a widely recognized brand, repeatedly going viral on social media (including in a July 2021 post from a well-known influencer that generated over 16.8 million impressions).  Today, Muddy Bites sells millions of bags of its beloved Mini-Cones per year and generates tens of millions of dollars in annual revenues.

3.    Muddy Bites's Mini-Cone design is innovative, distinctive, and so associated with Muddy Bites that the United States Patent and Trademark Office granted the company exclusive rights to that design by issuing trademark Registration No. 7491861.

4.    Several years after Muddy Bites launched, Defendant copied the Mini-Cone and began to mass-market cheap imitation cones (the "Infringing Products"), which are manufactured in and imported from Turkey.  Defendant markets its Infringing Products under the brand name "Just the Fun Part" and, upon information and belief, also creates "private-label" versions for retailers to sell under their own brands.

1

5.    As detailed below, substantially everything about Defendant's knock-off Infringing Products is based upon and intended to unlawfully benefit from the commercial success, national recognition, and substantial goodwill originated with Muddy Bites's popular and unique MUDDY BITES® Mini-Cone snack products.  Moreover, Defendant has sought to mislead distributors, retail customers, and consumers that Defendant's Infringing Products somehow were the original Mini-Cone snacks.

6.    In addition to copying Muddy Bites's federally-protected product design and concept, Defendant stole portions of Muddy Bites's website and ad copy to create their own website and marketing materials.  Defendant then further filed false applications with the U.S. Patent and Trademark Office, misrepresenting under penalty of perjury to have originated and first used the tagline "Only The Best Part Of The Sundae Cone!" when, in fact, Muddy Bites began using the substantially identical tagline "The Best Part Of The Sundae Cone" at least as early as 2019—years *before* Defendant launched its Infringing Products.

7.    Through this action, Muddy Bites seeks, *inter alia*: an injunction against further misappropriation of its intellectual property and the marketing or sale of Defendant's Infringing Products; compensatory damages; disgorgement of Defendant's unlawful earnings in an amount of at least $10,000,000; punitive damages; and costs and attorneys' fees.

## THE PARTIES

8.    Muddy Bites is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.  Muddy Bites is the owner of the MUDDY BITES® brand and all associated intellectual property, as discussed herein.

9.    Upon information and belief, Defendant Evergreen USA LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business in Hoboken, New Jersey.  Defendant holds itself out as an importer, seller, and

wholesaler of various food and beverage items.  Upon information and belief, Defendant was founded by and/or is operated by Yigit Ozdemir and Aytur Aksu, and uses low-cost foreign labor to make Defendant's inferior imitation Mini-Cone products.

10.     Muddy Bites is informed and believes and thereon alleges that DOES 1 to 10 are joint and severally responsible for, and/or have aided and abetted, Defendant's tortious and infringing conduct described herein.  Upon information and belief, each of the Defendants, including DOES 1 to 10, was the agent, servant, and/or employee of all other Defendants and in doing the things alleged herein was acting within the course and scope of such agency or employment and with the consent and permission of the remaining Defendants.  Muddy Bites reserves the right to amend this Complaint as appropriate when Muddy Bites learns the identities and roles of DOES 1 to 10, information that is largely, if not entirely, in Defendant's sole possession.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121 as this action involves allegations of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, et seq., unfair competition, and related claims arising out of the same operative facts.  This Court has subject matter jurisdiction over Muddy Bites's state law claims pursuant to 28 U.S.C. § 1367.

12.     Defendant regularly and continuously transacts business in the State of New York and this District, including by advertising and selling the Infringing Products within and throughout the State of New York and this District.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTUAL BACKGROUND**

**I.    MUDDY BITES'S BUSINESS AND METEORIC RISE**

14.    Plaintiff Muddy Bites is the original developer of the shelf-stable, filled Mini-Cone snack in the shape of a bottom part of a sundae waffle cone, which Muddy Bites markets and sells under the acclaimed and highly successful MUDDY BITES® brand.

15.    Muddy Bites was co-founded by two friends from Le Mars, Iowa, a community so enthusiastic about ice cream that it erected dozens of ice cream sculptures across town and closes its streets every June for "Ice Cream Day" parades and other festivities.  From its inception through the present, Muddy Bites has proudly manufactured its products in the United States, using only high-quality ingredients.

16.    MUDDY BITES® Mini-Cones are a highly recognizable and popular snack, beloved by millions across the United States.  The Mini-Cone design and branding are also a critical driver of Muddy Bites's commercial success.

17.    Muddy Bites products have enjoyed an immediate and sustained rise in sales and recognition since entering the market in 2019.  Within weeks of launching the Muddy Bites Store on Amazon, for example, MUDDY BITES® reached the #1 listing (i.e., the highest-selling item) in Amazon's chocolate cookie category, the #38 listing in Amazon's overall grocery category, and the #3 listing in Amazon's "Most Wished For" grocery category (i.e., the third-most frequently added grocery item to customer "wish lists").  Muddy Bites's sales have ballooned year-over-year.  Last year alone, customers purchased more than seven million bags of MUDDY BITES®.  Today, MUDDY BITES® can be purchased in over 15,000 retail locations across the United States as well as numerous online retailers.

18.    Muddy Bites is the owner of numerous trademarks relating to MUDDY BITES® and, as of this filing, has earned 11 federal registrations recognizing its marks as distinctive and

valuable.  Muddy Bites's trademark rights pertain to the design of its acclaimed waffle Mini-Cones, their packaging, and the taglines and other promotional material Muddy Bites uses to promote its core offering (collectively, the "Muddy Bites Marks").

19.    Muddy Bites earned U.S. Registration No. 7491861, which recognizes the distinctiveness of MUDDY BITES® Mini-Cone design and cements the business's exclusive rights in "a three-dimensional product configuration comprising a coned-shape food dessert consisting of a tapered cone with a rounded tip, where the surface of the cone is covered in straight lines that cross each other in a diagonally-oriented cross-hatched pattern[,]" and in which "[a]t the top of the cone is a circular-shaped filling indicated by curved lines."[1]

**Fig. 1:  Muddy Bites's Mini-Cone Design As Registered With PTO And As Sold**

| Muddy Bites's U.S. Trademark Reg. No. 7491861 | MUDDY BITES® Mini-Cone As Sold |
|---|---|
|  |  |

//

//

//

//

//

//

---

[1] A copy of the registration certificate for Reg. No. 7491861 is attached hereto as Exhibit A.

II.    **DEFENDANT LAUNCHES A KNOCK-OFF MINI-CONE YEARS AFTER MUDDY BITES, AND PROMOTES THAT INFRINGING PRODUCT VIA COPIED PACKAGING, MARKETING MATERIALS, AND TAGLINES**

20.    In or about October 2021—more than two years after the first sale of MUDDY BITES®—Defendant began marketing and selling copycat Mini-Cones imported from Turkey. Defendant markets its Infringing Products under the brand name "Just The Fun Part" and, upon information and belief, also creates private-label versions of its Infringing Products for wholesale and retail customers to resell under their own in-house brand names.  Defendant's Infringing Products were and remain substantially identical in appearance and presentation to MUDDY BITES®, as shown below.

**Fig. 2:  Comparison of MUDDY BITES® Mini-Cone Trade Dress vs. Defendant's Infringing Product**

| MUDDY BITES® Mini-Cone | Defendants' Infringing Product |
|---|---|
|  | |

21.    In addition to copying Muddy Bites's federally-protected Mini-Cone product design, Defendant also copied additional elements of MUDDY BITES®'s trade dress.  Indeed, the packaging for Defendant's Infringing Products is identical in key respects to that of MUDDY BITES®.  As shown below, each product's packaging features, among other similarities, (a) images of miniature, cross-hatched, ice cream cones with chocolate filling, which cones are shown both alone as well as broken off a larger ice cream cone; (b) brown

portions on the bag evocative of the filling inside those Mini-Cones, contrasting against an off-white or cream-colored background; and (c) a rectangular, resealable container.

**Fig. 3:  Comparison of MUDDY BITES® Packaging Trade Dress vs. Infringing Product**



22.    Further, Defendants' Infringing Product uses font similar to that featured on other versions of Muddy Bites's packaging and, as in those versions, Defendant touts its Infringing Products as "bite-sized" "waffle cones filled with [] chocolate." *See* Paragraph 25, *infra* (depicting other version of MUDDY BITES® packaging).

23.    Just as Defendant's Infringing Products emulate the MUDDY BITES® Mini-Cone design and product packaging, Defendant's public-facing marketing materials, including its website and social media presences, unapologetically mimic Muddy Bites's.  For example, prior to the launch of Defendant's Infringing Products, Muddy Bites published the story of its co-founders' conception and development of the innovative MUDDY BITES® Mini-Cone on its website, www.muddybites.com.  Defendant appears to have lifted (and in some respects copied-and-pasted) Muddy Bites's conception story and posted it to Defendant's own website, www.justthefunpart.com.  Exemplary portions of the parties' respective stories appear below, with bolding added for emphasis:

**Fig. 4:  The MUDDY BITES® Brand Story vs. Defendant's Imitation**

| MUDDY BITES® Brand Story As Of July 2021 | Defendant's Claimed Brand Story Since Oct. 2021 Launch |
|---|---|
| "Our founders grew up eating hundreds, if not thousands of sundae cones throughout **their childhood**…. There was always a sense of **excitement and happiness every time they got down to the end of the sundae cone** filled with chocolate. One day, they realized that was **their favorite part of the sundae cone** all together. They figured they weren't the only ones who felt the same way, and **just like that, Muddy Bites was born**." | "Yigit found that the best snacks were the ones that distinctly brought back memories of **our childhoods**. And for so many people, a memorable dessert was the **anticipation of a sundae cone** on a sweltering hot summer day…. It's no secret that **the best part of a sundae cone** was the bottom, Yigit thought…. **Just like that, Just The Fun Part was born.**" |

24.     Defendant's advertisements on social media are similarly copied from Muddy

Bites.  For example:

**Fig. 5:  Muddy Bites's Advertisement vs. Defendant's Imitation**

| Muddy Bites Post From Oct. 2021 | Defendant's Post From Oct. 2022 |
|---|---|



25.     Defendant has also continuously adopted taglines mimicking the MUDDY

BITES® branding and trademarks.  For example, Muddy Bites has used the tagline "THE BEST

PART OF A SUNDAE CONE" since at least as early as 2019, as shown below:

**Fig. 6:  Muddy Bites's Use Of "Best Part" Tagline Years Prior To Defendant's Launch**



26.     Yet, in 2021, Defendant filed an application with the United States Patent and Trademark Office to register the substantially identical tagline "ONLY THE BEST PART OF THE SUNDAE CONE!", claiming it was the exclusive owner of that mark when Defendant knew that it was not.

27.     Similarly, Muddy Bites uses and owns federal trademark registrations for the marks "THE BEST BITE OVER AND OVER AGAIN" and "HAPPINESS MULTIPLIED" (Reg. Nos. 7037974 and 7001543), which Defendant copied on its website and in a recent application with the United States Patent and Trademark Office to register the phrase "BEST BITE MULTIPLIED".  *See* Application Serial No. 97824817.

28.     Upon information and belief, Defendant markets its Infringing Products in many of the same ways as MUDDY BITES® and sells those copycat goods to the same categories of customers, through the same sales channels, including without limitation direct-to-consumer, grocery, mass, small format, and Amazon.

//

//

//

//

//

//

//

//

//

29.    Unsurprisingly, Defendant's use of marks and trade dress confusingly similar to Muddy Bites's has already resulted in actual consumer confusion.  For example:

**Fig. 7:  Examples Of Actual Consumer Confusion Between MUDDY BITES® And The Infringing Products**





11

30.    Heightening the likelihood of continuing confusion, Muddy Bites's and Defendant's Infringing Products (which are strikingly similar in appearance and packaging) are lower-priced snack foods subject to impulse buying.  Consumers purchasing goods under such circumstances are likely to exercise a lesser standard of care and discernment in seeking to distinguish between products.  The likelihood of consumer confusion is thus even greater than it would be in other purchasing contexts.

## III.    DEFENDANT'S ILLEGAL ACTIONS HAVE HARMED MUDDY BITES, WHOLESALE AND RETAIL CUSTOMERS, AND CONSUMERS

31.    There can be no legitimate dispute that Defendant has deliberately copied and exploited Muddy Bites's intellectual property, and continues to do so, to capitalize on the popularity of the MUDDY BITES® brand.  Defendant's unfair competition and other unlawful conduct is knowing, willful, and intentional, with at least reckless disregard for Muddy Bites's rights.

32.    Muddy Bites is not the only victim of Defendant's dishonesty and deceit.  Upon information and belief, Defendant has misrepresented to wholesalers and retailers that Defendant invented the concept of a Mini-Cone snack, that its Infringing Products are the first product of their kind, and that Defendant's marketing and sale thereof is lawful.  Each of these representations is demonstrably false.  Among other facts, Muddy Bites began marketing and selling its innovative Mini-Cones *more than two years* before Defendant launched its Infringing Products in October 2021—three months after a post featuring MUDDY BITES® went viral and reached at least 16.8 million people.  Upon information and belief, wholesalers and retailers relied upon Defendant's false claims in agreeing to sell Defendant's Infringing Products to their own customers, whether under the brand name "Just The Fun Part" or as a private-label version.

33.     Defendant has profited handsomely from its illegal actions.  Upon information and belief, Defendant has obtained (and Muddy Bites lost out on) at least tens of millions of dollars through sales of its Infringing Products, whether under the brand name "Just The Fun Part" or private-label versions, to wholesale customers, retail customers, and consumers who believed Defendant's false claims.

**MUDDY BITES'S CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Federal Unfair Competition, 15 U.S.C. § 1125(a)**

34.     Muddy Bites incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

35.     Muddy Bites owns all right, title, and interest in the Muddy Bites Marks, which it has used in commerce since at least as early as 2019.

36.     Defendant's use in commerce of its Infringing Products (including without limitation the "Just The Fun Part" product, brand, and trade dress as well as private-label versions provided to wholesale and/or retail customers for resale under their own in-house brands) and its false claims to retailers and consumers each (and separately) constitutes unfair competition under 15 U.S.C. § 1125(a).  Defendant's infringing marks are confusingly similar to the Muddy Bites Marks.  Defendant's use thereof creates the erroneous impression in consumers' minds that Defendant's products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Muddy Bites and the MUDDY BITES® brand.  Moreover, Defendant's false claims to have originated the concept of and brought to market the first Mini-Cone snack lend a false legitimacy to Defendant's Infringing Products and wrongly induce wholesalers, retailers, and consumers to private-label or otherwise

purchase the Infringing Products rather than Muddy Bites's truly original and innovative snack foods.

37.    On information and belief, Defendant chose to use its infringing marks and lodge its false claims with the intent to cause confusion among consumers as well as to deceive them into believing that Defendant's products are made by, endorsed by, or otherwise associated with Muddy Bites and the MUDDY BITES® brand.

38.    Defendant has profited from its unfair competition, and Plaintiff has suffered damages in amount to be proven at trial.  At the least, Defendant must disgorge all unlawfully-derived profits, which, upon information and belief, exceed $10,000,000.

39.    Defendant's intentional and willful misconduct entitles Muddy Bites to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

40.    Defendant's unauthorized imitation and use of the Muddy Bites Marks are causing irreparable injury to Muddy Bites by, *inter alia*, confusing consumers, destroying consumers' unique association of the Muddy Bites Marks with Plaintiff's products, depriving Muddy Bites of the ability to control its brand and reputation, and damaging the goodwill associated with the Muddy Bites Marks.

41.    Muddy Bites has no adequate remedy at law for Defendant's misconduct. Unless Defendant is enjoined and restrained from continuing its infringement, customers and consumers will continue to be confused and Muddy Bites's injuries will continue to occur.

## SECOND CLAIM FOR RELIEF

### Unfair Competition – New York Common Law

42.    Muddy Bites incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

43.    Through Defendant's use in commerce of its Infringing Products (including without limitation the "Just The Fun Part" product, brand, and trade dress as well as private-label versions provided to wholesale and/or retail customers for resale under their own in-house brands), Defendant has unfairly competed with Plaintiff by misleading consumers and trading on the goodwill associated with the Muddy Bites Marks and trade dress.

44.    Moreover, Defendant has falsely claimed to customers and consumers that Defendant originated the concept of a Mini-Cone snack as well as to have brought the first such snack to market.

45.    Defendant's intentional copying and continued use of the Muddy Bites Marks and trade dress was undertaken and continues in bad faith.  Defendant's false claims are similarly made and maintained in bad faith.  On information and belief, Defendant chose to use its infringing marks and lodge its false claims with the intent to cause confusion among consumers as well as to deceive them into believing that Defendant's products are made by, endorsed by, or otherwise associated with Muddy Bites and the MUDDY BITES® brand.

46.    Defendant's intentional misconduct constitutes unfair competition under New York common law.

47.    Defendant has profited from its unfair competition, and Muddy Bites has suffered damages in an amount to be proven at trial.  At the least, Defendant must disgorge all unlawfully-derived profits, which, upon information and belief, exceed $10,000,000.

48.    Muddy Bites is entitled to an award of enhanced damages and profits, as well as attorneys' fees, pursuant to New York law.

49.    Defendant's infringement is causing irreparable harm by *inter alia*, confusing consumers, destroying consumers' unique association of the Muddy Bites Marks with Plaintiff's

products, depriving Muddy Bites of the ability to control its brand and reputation, and damaging the goodwill associated with the Muddy Bites Marks.  Plaintiff will continue to suffer such harm unless Defendant's infringing conduct is enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### Trade Dress Infringement – 15 U.S.C. § 1125

50.     Muddy Bites incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

51.     Plaintiff owns all right, title, and interest in the distinctive MUDDY BITES® Mini-Cone design and other trade dress, which it has used in commerce since at least as early as 2019.

52.     The MUDDY BITES trade dress is inherently distinctive and non-functional and has attained secondary meaning as a source identifier for Muddy Bites's products.

53.     Through the conduct alleged above, Defendant's use in commerce of its Infringing Products (including without limitation the "Just The Fun Part" product, brand, and trade dress as well as private-label versions provided to wholesale and/or retail customers for resale under their own in-house brands) infringes the MUDDY BITES® trade dress. Defendant's Infringing Products trade dress imitates numerous protected elements of the MUDDY BITES® trade dress and, as a result, is confusingly similar to Muddy Bites's trade dress.

54.     The trade dress of Defendant's Infringing Products creates the erroneous impression in consumers' minds that Defendant's products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with, Muddy Bites and the MUDDY BITES® brand and trade dress.

55.     On information and belief, Defendant chose to use the trade dress of its Infringing Products with the intent to cause confusion among consumers and to deceive them into believing that Defendant's products are made by, endorsed by, or otherwise associated with Muddy Bites or its products.

56.     Defendant has profited from its infringement, and Muddy Bites has suffered damages in amount to be proven at trial.  At the least, Defendant must disgorge all unlawfully derived profits, which, upon information and belief, exceed $10,000,000.

57.     Defendant's intentional and willful misconduct entitles Muddy Bites to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

58.     Defendant's infringement is causing irreparable harm by *inter alia*, confusing consumers, destroying consumers' unique association of the Muddy Bites Marks with Plaintiff's products, depriving Muddy Bites of the ability to control its brand and reputation, and damaging the goodwill associated with the Muddy Bites Marks.  Plaintiff will continue to suffer such harm unless Defendant's infringing conduct is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. § 1114

59.     Muddy Bites incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

60.     Muddy Bites owns all right, title, and interest in the Muddy Bites Marks, including U.S. Reg. No. 7491861, which it has used in commerce since at least as early as 2019.

61.     Through the conduct alleged above, Defendant's use in commerce of its Infringing Products (including without limitation the "Just The Fun Part" product, brand, and trade dress as well as private-label versions provided to wholesale and/or retail customers for resale under their own in-house brands) violates 15 U.S.C. § 1114 because such marks are

confusingly similar to the Muddy Bites Marks.  Defendant's use of the infringing marks creates the erroneous impression in consumers' minds that Defendant's Infringing Products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Muddy Bites and/or the MUDDY BITES® brand and mark.

62.    On information and belief, Defendant chose to use its infringing marks with the intent to cause confusion among consumers and to deceive them into believing that Defendant's products are made by, endorsed by, or otherwise associated with Muddy Bites and the MUDDY BITES® brand.

63.    Defendant has profited from its infringement, and Muddy Bites has suffered damages in amount to be proven at trial.  At the least, Defendant must disgorge all unlawfully derived profits, which, upon information and belief, exceed $10,000,000.

64.    Defendant's intentional and willful misconduct entitles Muddy Bites to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

65.    Defendant's infringement is causing irreparable harm by *inter alia*, confusing consumers, destroying consumers' unique association of the Muddy Bites Marks with Plaintiff's products, depriving Muddy Bites of the ability to control its brand and reputation, and damaging the goodwill associated with the Muddy Bites Marks.  Plaintiff will continue to suffer such harm unless Defendant's infringing conduct is enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**

**Cancellation of U.S. Trademark Registration No. 7202822**

66.    Muddy Bites incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

67.    15 U.S.C. § 1119 authorizes the Court, "[i]n any action involving a registered mark[,]" to  "order the cancelation of registrations, in whole or in part[.]"  A Court's Order for

cancellation of registrations "shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby."

68.    Knowingly making a false, material misrepresentation in connection with an application for registration is ample grounds for a court to cancel the contested trademark.

69.    An applicant for a trademark registration must represent to the Patent and Trademark Office that, among other things, (a) "to the best of [the applicant's] knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;" and (b) the applicant's statements "of [its] own knowledge are true" and "all statements made [] on information and belief are believed to be true[.]"

70.    Upon information and belief, as part of Defendant's trademark application for the tagline "Only The Best Part Of the Sundae Cone!", Defendant made these and other representations to the Patent and Trademark Office.

71.    Upon information and belief, Defendant knew at the time it made such representations to the U.S. Patent and Trademark Office that Muddy Bites was already using the virtually identical tagline "The Best Part Of A Sundae Cone", i.e., that Defendant's representations were false.

72.    Upon information and belief, Defendant's intent in making these false representations to the U.S. Patent and Trademark Office was to attempt to capture rights to which Defendant was not (and is not) entitled.

73.     Based on the foregoing, Muddy Bites is entitled to an Order directing the U.S.

Patent and Trademark Office to cancel U.S. Registration No. 7202822.

## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment

74.     Muddy Bites incorporates by reference the allegations contained in the preceding

paragraphs as if set forth fully herein.

75.     Defendant's use and imminent continuing use in commerce of its Infringing

Products (including without limitation the "Just The Fun Part" product, brand, and trade dress as

well as private-label versions provided to wholesale and/or retail customers for resale under

their own in-house brands) infringe the Muddy Bites Marks and trade dress as well as Muddy

Bites's rights in the MUDDY BITES® name.

76.     Defendant is engaged in activities directed towards further use in commerce of its

Infringing Products in a manner that is likely to cause additional confusion among customers

and consumers that Defendant's Infringing Products are affiliated with or related to Muddy

Bites or its products.

77.     As such, there is an immediate and imminent threat that Defendant will continue

using its Infringing Products, and therefore a case of actual justiciable controversy exists

between Muddy Bites and Defendant under 28 U.S.C. §§ 2201-2202.

78.     Muddy Bites accordingly seeks a declaratory judgment that, for at least the

reasons identified in this Complaint, (i) Defendant's use of its Infringing Products (including

without limitation the "Just The Fun Part" product, brand, and trade dress as well as private-

label versions provided to wholesale and/or retail customers for resale under their own in-house

brands) does and will continue to infringe the Muddy Bites Marks, the Muddy Bites trade dress,

and Muddy Bites's rights in the MUDDY BITES® name, and would constitute unfair

competition under Federal and New York law, Federal Trademark Infringement under 15

U.S.C. § 1114, as well as Trade Dress Infringement under 15 U.S.C. § 1125(a); and (ii) U.S.

Registration No. 7202822 is subject to cancellation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Muddy Bites, Inc. prays that the Court order and/or issue the

following relief:

A.    Enjoin Defendant from using any version of its Infringing Products (including

without limitation the "Just The Fun Part" product, brand, and trade dress as well

as private-label versions provided to wholesale and/or retail customers for resale

under their own in-house brands) or of any of the Muddy Bites Marks or trade

dress, in connection with the sale, offering to sell, advertising, marketing, or

distribution of snack foods in the United States;

B.    Award Muddy Bites its amount of damages and/or the amount of Defendant's

profits arising from Defendant's use of its Infringing Products, pursuant to 15

U.S.C. § 1117;

C.    Award Muddy Bites three times its actual damages and/or Defendant's profits

according to proof, as well as the costs of this action, in accordance with 15

U.S.C. § 1117;

D.    Find this action to be an "exceptional case" such that Muddy Bites be awarded its

reasonable attorneys' fees in accordance with 15 U.S.C. § 1117, and/or award

Muddy Bites its reasonable attorneys' fees under applicable New York law;

E.    Direct the Patent and Trademark Office to cancel U.S. Registration No. 7202822;

F.    Declare that Defendant's continued use of its Infringing Products would constitute unfair competition and infringe the Muddy Bites Marks and trade dress, and that U.S. Registration No. 7202822 is subject to cancellation; and

G.    Award Muddy Bites such other and further relief as this Court deems equitable and proper.


Dated: September 18, 2024                          Respectfully submitted,


                                                   */s/ J. Noah Hagey*
                                                   J. Noah Hagey, Esq.
                                                   **BRAUNHAGEY & BORDEN LLP**
                                                   118 W 22nd Street, 12th Floor
                                                   New York, NY 10011
                                                   Telephone: (646) 829-9403
                                                   Facsimile: (646) 403-4089
                                                   hagey@braunhagey.com

                                                   Doug Tilley, Esq.*
                                                   **BRAUNHAGEY & BORDEN LLP**
                                                   747 Front Street, 4th Floor
                                                   San Francisco, CA 94111
                                                   Telephone: (415) 599-0210
                                                   Facsimile: (415) 276-1808
                                                   tilley@braunhagey.com

                                                   **Pro Hac Vice* application forthcoming

                                                   *Counsel for Plaintiff Muddy Bites, Inc.*

## DEMAND FOR JURY TRIAL

Muddy Bites hereby demands a trial by jury of all issues so triable.

Dated: September 18, 2024                    Respectfully submitted,

                                            /s/ J. Noah Hagey
                                            J. Noah Hagey, Esq.
                                            **BRAUNHAGEY & BORDEN LLP**
                                            118 W 22nd Street, 12th Floor
                                            New York, NY 10011
                                            Telephone: (646) 829-9403
                                            Facsimile: (646) 403-4089
                                            hagey@braunhagey.com

                                            Doug Tilley, Esq.*
                                            **BRAUNHAGEY & BORDEN LLP**
                                            747 Front Street, 4th Floor
                                            San Francisco, CA 94111
                                            Telephone: (415) 599-0210
                                            Facsimile: (415) 276-1808
                                            tilley@braunhagey.com

                                            *Pro Hac Vice application forthcoming

                                            Counsel for Plaintiff Muddy Bites, Inc.