UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MUDDY BITES, INC.,

USDS SDNY            1
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __02/24/2026__

Plaintiff,

24-cv-07089 (LAK)

-against-

EVERGREEN USA LLC, d/b/a JUST THE FUN PART, and
DOES 1-10,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER GRANTING MOTION TO COMPEL

LEWIS A. KAPLAN, *District Judge.*

1.      Defendant's motion to compel production (Dkt 55) is granted in all respects, including that

1.1.      Plaintiff shall collect, search, and produce **all** responsive documents from the four custodians whose inboxes allegedly have been searched already and from the following additional custodians:  Emma Bice, Evelyn Lake, Ann Leahy, Jara Maslova, Michael Parisi, Leonardo Ruiz-Sanchez, and James Voelker.

1.2.      In discharging its responsibilities under paragraph 1 of this order, plaintiff's future production shall be confined to arguably responsive documents (as opposed, for example only, to producing all documents containing any of the search terms) and shall be free of duplicative copies of identical documents.

1.3.      Plaintiff shall complete its production of all responsive documents no later than March 5, 2026.

2.      Plaintiff's objections to the document requests are almost entirely boilerplate, much of which provide no guidance whatever as to whether plaintiff is withholding any documents on the basis of objections stated.  To give but one example, its general objection no. 6, the general form of which is repeated frequently in its objections, states:

"Respondent objects to these Requests *to the extent they seek information*

subject to non-disclosure and/or confidentiality agreements such that production and/or disclosure of such information would violate Respondent's or Plaintiff's obligations and/or duties to such third parties." (Emphasis added)

There is no indication whether there are any such documents or any such non-disclosure or confidentiality agreements, much less whether any documents have been withheld on that basis, which in any event would afford no excuse for failing to produce.

3.    Plaintiff and its counsel are directed to show cause, on or before March 5, 2026, why they should not be required "to pay the movant's reasonable expenses incurred in making the motion [to compel], including attorney's fees."

SO ORDERED.

Dated:        February 24, 2026

_____
Lewis A. Kaplan
United States District Judge