**MEMO ENDORSED.** UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| |
|---|
| MUDDY BITES, INC., |
| *Plaintiff/Counterclaim-Defendant,* |
| v. |
| EVERGREEN USA, LLC, d/b/a JUST THE FUN PART, and DOES 1-10, |
| *Defendant/Counterclaim-Plaintiff.* |

Case No: 1:24-cv-07089-LAK

**NOTICE OF MOTION TO COMPEL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/25/2026

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law in Support of Motion to Compel, Defendant Evergreen USA, LLC moves this Court pursuant to the Court's Individual Rules of Practice, for an Order compelling Plaintiff Muddy Bites, Inc. ("Muddy Bites") to produce documents and communications withheld by Muddy Bites as privileged concerning Muddy Bites' efforts to register its mini-cone product design with the United States Patent and Trademark Office, including the prosecution of U.S. Ser. Nos. 90790882 and 98026253.

Dated: June 12, 2026

Respectfully Submitted,

**COLE SCHOTZ P.C.**

By: *David S. Gold* _____
David S. Gold
William W. Stroever (*pro hac vice*)
Amanda L. DeGroote (*pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
dgold@coleschotz.com
(201) 525-6305
*Attorneys for Defendant/Counterclaim-Plaintiff,*
*Evergreen USA LLC*

<u>Memo Endorsement</u>          <u>Muddy Bites, Inc. v. Evergreen USA, LLC, etc., 24-cv-7089 (LAK)</u>

Defendant, invoking the crime-fraud exception to the attorney-client privilege, moves "for an order compelling the production of documents that Plaintiff/Counter Defendant Muddy Bites, Inc. ("Muddy Bites") has withheld as privileged concerning: (1) Muddy Bites' decision to file a second trade dress application for its mini cone-shaped product design (the 'Second MB Application') despite its first application (the 'First MB Application') having been properly refused as an unprotectible, non-distinctive product design; (2) the prosecution of the Second MB Application following the exact same refusal; and (3) the Declaration filed in support of the Second MB Application in which Muddy Bites falsely states that its generic cone-shaped product had become distinctive 'through its substantially exclusive . . . use in commerce for at least five years immediately before the date of' the Declaration." Dkt 102, at 1. It does so on the basis that Exhibits E through I to its application indisputably prove that a declaration by plaintiff to the US Patent and Trademark Office in support of its application for registration of its trademark was false.

The motion, however, does not specify the documents allegedly so withheld beyond the imprecise language quoted above. Fed. R. Civ. P. 26(b)(5)(A) and Local Rule 26.2 of this Court require parties that withhold documents on the basis of claims of privilege must provide what commonly is called a "privilege log" or its substantial equivalent. Yet there is no reference in the motion to the privilege log that defendant presumably provided and, in any case, no specific list of documents allegedly withheld and the required accompanying information.

Defendant's motion therefore is denied without prejudice to renewal on appropriate papers.

SO ORDERED.

Dated:        June 25, 2026

_____
Lewis A. Kaplan
United States District Judge