**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUDDY BITES, INC.,<br><br>Plaintiff,<br>v.<br><br>EVERGREEN USA LLC, d/b/a JUST THE FUN PART,<br><br>Defendant.<br><br>EVERGREEN USA LLC, d/b/a JUST THE FUN PART,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>MUDDY BITES, INC.,<br><br>Counterclaim-Defendant. | Civil Action No. 1:24-cv-07089-LAK<br><br>Civil Action |

**EVERGREEN USA LLC'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO COMPEL**

**COLE SCHOTZ P.C.**
David S. Gold
William W. Stroever (admitted *pro hac vice*)
Amanda L. DeGroote (admitted *pro hac vice*)
25 Main Street
Court Plaza North
Hackensack, New Jersey 07601
Phone: (201) 525-6305
dgold@coleschotz.com
wstroever@coleschotz.com
adegroote@coleschotz.com
*Attorneys for Evergreen USA LLC*

Evergreen USA, LLC ("Evergreen") submits this memorandum of law in support of its renewed motion for an order compelling the production of select documents that Muddy Bites, Inc. ("Muddy Bites") has withheld as privileged concerning: (1) Muddy Bites' decision to file a second trade dress application for its mini cone-shaped product design (the "Second MB Application") despite its first application (the "First MB Application") having been properly refused as an unprotectible, non-distinctive product design; (2) the prosecution of the Second MB Application following the exact same refusal; and (3) the Declaration filed in support of the Second MB Application in which Muddy Bites falsely states that its generic, non-distinctive cone-shaped product had become distinctive "through its substantially exclusive … use in commerce for at least five years immediately before the date of" the Declaration.[1]

Evergreen filed its initial motion to compel on June 12, 2026 (Dkt. 101). At the time of that motion, Evergreen had not yet received Muddy Bites' privilege log, which was produced on June 22, 2026. On June 25, 2026, the Court denied Evergreen's motion without prejudice because Evergreen failed to submit with its motion a specific list of privileged documents sought (Dkt. 110). Having now received Muddy Bites' privilege log (**Exhibit J**), Evergreen includes herewith the list of specific documents sought (the "Privileged Documents"), all of which appear, based on the dates and descriptions in the privilege log, to be pertinent to the above topics. (*See* **Exhibit K**.)

## PRELIMINARY STATEMENT

As the Court is aware, this entire action is premised upon Muddy Bites' baseless assertion that it owns the exclusive rights to the shape of an ice cream cone with a curved bottom, cross-hatching, and some unidentified filling.[2] In support of its claim, Muddy Bites relies upon a

[1] A true copy of Muddy Bites' May 8, 2024 Declaration submitted to the USPTO is attached hereto as **Exhibit A**.

[2] A true copy of Muddy Bites of the Certificate of Registration for U.S. Reg. No. 7491861 is attached hereto as **Exhibit B**. As is clear from the face of the Certificate, the registration places no limitation on the size of the cone, nor the type

trademark registration that Evergreen asserts was procured by fraud on the United States Patent and Trademark Office ("USPTO") during the prosecution of the Second MB Application[3] – specifically, Muddy Bites' sworn statement that the use of its mini-cone design was "substantially exclusive" for at least five years immediately before the date of that Declaration. That statement was demonstrably false, as reflected not only in the cease-and-desist letters sent by Muddy Bites to Evergreen years earlier (*see* **Exhibit E**), but also Muddy Bites' own documents confirming that as of the date of the Declaration, Evergreen had an equal or greater market share than Muddy Bites (in addition to other sellers identified by Muddy Bites in those documents) (*see*, *e.g.*, **Exhibits F** at MB00001379**, G at MB00094926**), and was aware and even concerned by that competition in the marketplace. (*See*, *e.g.*, **Exhibits H, I**.) As should be clear, a fraudulent declaration containing and relying upon legal standards such as the presumption of distinctiveness based on five years of "substantially exclusive use" (*see* 15 U.S.C. §1052(f); 37 C.F.R. §2.41(a)(2); TMEP 1212.05(B)) was not drafted by Muddy Bites' Head of Marketing, nor would Muddy Bites have independently concocted such a strategy to circumvent the law precluding the registration of its non-distinctive product design. Evergreen seeks the production of this limited set of Privileged Documents, all of which appear, based on the dates and descriptions in the privilege log, to bear directly on Muddy Bites' scheme to defraud the USPTO, and Muddy Bites' counsel's role in that process.

---

of filling, which could be ice cream, chocolate, or any other filling. *See SquirtCo v. Tomy Corp.*, 697 F.2d 1038, 1042-43 (Fed. Cir. 1983) (refusing to read in limitations not included in the trademark description).

[3] In sum, given the Court' familiarity with the underlying facts, Muddy Bites first attempted to register its non-distinctive product design on the Principal Register in 2021. *See* **Exhibit C** (Application for U.S. Ser. No 90790882). The First MB Application was properly refused by the USPTO based on a lack of distinctiveness (*see* **Exhibit C** at EVERGREEN0075098-75102 (USPTO office action refusal)), and Muddy Bites amended that application to seek registration on the Supplemental Register. **Two weeks later**, Muddy Bites filed the Second MB Application, which was again refused registration on the Principal Register for the same reason. *See* **Exhibit D** at EVERGREEN0075186, EVEGREEN0075269-75272 (second office action refusal). In response, Muddy Bites submitted a declaration from its Head of Marketing, Jessie Ferraioli, in which she states, under oath, that the product design had acquired distinctiveness based on the "substantially exclusive" use of the design from May 8, 2019 through May 8, 2024. *See* Ex. A, ¶19. Based on that representation, the USPTO granted Muddy Bites a registration on the Principal Register.

## LEGAL ARGUMENT

Communications that would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct. *See, e.g., Clark v. U.S.*, 289 U.S. 1, 15, 53 (1933). The crime fraud exception applies when there is: (1) "probable cause to believe that a crime or fraud had been committed," and (2) "the communications were in furtherance thereof." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1039 (2d Cir. 1984). "A party seeking discovery of such documents and communications may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

"Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with [the] application" with "intent to mislead the PTO." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (citation modified). As discussed above, Evergreen asserts, based on undisputed documentary evidence, that Muddy Bites made the false, material representation to the USPTO that its use of its non-distinctive product design was "substantially exclusive" for five years prior to the date of the Declaration. That statement is plainly belied by, among other things, the various other competitors in the marketplace during that time, including Evergreen, who maintained an equal or larger market share during that period. "Use by anyone, regardless of relation to the challenger, may undercut a claim of substantially exclusive use." *Galperti, Inc. v. Galperti S.r.l.*, 17 F.4th 1144, 1149 (Fed. Cir. 2021). "When the record shows that purchasers are confronted with more than one (let alone numerous) independent users of a term or device, an application for registration under Section 2(f) cannot be successful, for distinctiveness on which purchasers may rely is lacking under such circumstances." *Levi Strauss & Co. v. Genesco, Inc.*, 742 F.2d 1401, 1403 (Fed. Cir. 1984).

Probable cause "requires a demonstration by the party invoking it sufficient to establish

that "a prudent person have a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof."[4] *Specialty Mins., Inc. v. Pluess-Staufer AG*, 220 F.R.D. 41 (S.D.N.Y. 2004) (citations omitted). Here, there is a reasonable basis to suspect perpetration of fraud based on various facts, including, for example, Muddy Bites' filing of the Second MB Application seeking registration on the Principal Register **a mere two weeks** following its amendment of the First MB Application to the Supplemental Register, which constitutes "an admission that the mark is not inherently distinctive." TMEP §815.02 (citations omitted). Moreover, the evidence makes clear that Muddy Bites and its counsel were aware that Muddy Bites' claim of "substantial exclusivity" was false, yet submitted the Declaration anyway to overcome the USPTO's non-distinctiveness refusal. *Marshall Field & Co. v. Mrs. Fields Cookies*, 11 U.S.P.Q.2d 1355 (T.T.A.B. 1989) (holding a false certification of "substantial exclusivity" constitutes fraud on the USPTO).[5]

Here, probable cause exists to believe that Muddy Bites, with the assistance of counsel, committed fraud on the USPTO in procuring its trademark registration, and that the communications between Muddy Bites and its counsel concerning the prosecution of its trademark applications were in furtherance of that fraud. Evergreen respectfully requests that the Court order the production of the Privileged Documents or, alternatively, conduct an *in camera* review of same.

---

[4] "[A] finding of probable cause is not negated by an innocent explanation which may be consistent with the facts alleged." *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK, 2013 WL 1087236, at *25 (S.D.N.Y. Mar. 15, 2013), *adhered to on reconsideration*, No. 11 CIV. 0691 LAK, 2013 WL 1975439 (S.D.N.Y. May 14, 2013) (Kaplan, J.).

[5] It is anticipated that Muddy Bites will argue its claim of "substantial exclusivity" was not false because it was not required to disclose "infringing" uses to the USPTO. This argument is flawed and would altogether obviate the substantial exclusivity rule. The law is clear that Evergreen's (and others') use cannot be infringing ***until*** Muddy Bites' non-distinctive product design "acquired distinctiveness." *See Heritage All. v. Am. Pol'y Roundtable*, 133 F.4th 1063, 1067 (Fed. Cir. 2025) (acquired distinctiveness must be proven to exist ***prior to*** the junior user's date of first use (emphasis added)); *Converse, Inc. v. Int'l Trade Comm'n Skechers U.S.A., Inc.*, 909 F.3d 1110, 1116 (Fed. Cir. 2018) ("In any infringement action, the party asserting trade-dress protection must establish that its mark had acquired secondary meaning ***before*** the first infringing use[.]" (Emphasis added).) Muddy Bites appears to concede as much in its Declaration, where it claims the design "has ***become distinctive*** … through its substantially exclusive … use," not that it had acquired distinctiveness at the time Evergreen and others entered the market.

Dated: June 29, 2026

Respectfully Submitted,

**COLE SCHOTZ P.C.**

By: */s/ David S. Gold*_________________
David S. Gold
William W Stroever (admitted *pro hac vice*)
Amanda L. DeGroote (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
dgold@coleschotz.com
wstroever@coleschotz.com
adegroote@coleschotz.com
Phone: (201) 525-6305
*Attorneys for Defendant Evergreen USA LLC*