**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUDDY BITES, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>EVERGREEN USA LLC d/b/a JUST THE FUN PART and AYTUR AKSU,<br><br>*Defendants.* | Case No.: 1:24-cv-07089-LAK-SLC |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EVERGREEN USA LLC 'S RENEWED MOTION TO COMPEL PRODUCTION OF PRIVILEGED COMMUNICATIONS**

J. Noah Hagey, Esq.
Garrett Biedermann, Esq.
Andrew Coleman, Esq. (*pro hac vice* application forthcoming)
**BRAUNHAGEY & BORDEN LLP**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-940
hagey@braunhagey.com
biedermann@braunhagey.com
acoleman@braunhagey.com

Doug Tilley, Esq. (*pro hac vice*)
Oliver McNicholas, Esq. (*pro hac vice* application forthcoming)
**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
tilley@braunhagey.com
omcnicholas@braunhagey.com

*Counsel for Plaintiff Muddy Bites, Inc.*

Defendant Evergreen seeks extraordinary access to Muddy Bites's admittedly privileged attorney-client communications under guise that such advice was part of a fraud on the U.S. PTO. That privilege "is the oldest … known to the common law," "promote[s] broader public interests in the observance of law and administration of justice," and may not be set aside absent a stringent showing. *In re Omnicom Grp.*, 233 F.R.D. 400, 405 (S.D.N.Y. 2006) (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981)). A party seeking to pierce that critical privilege must put forward actual evidence demonstrating "probable cause to believe [(1)] that a crime or fraud has been attempted or committed and [(2)] that the communications were in furtherance thereof." *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995) ("*Roe I*"); *see also Omnicom*, 233 F.R.D. at 407-08. Defendant does not meet either requirement, much less both.

According to Defendant, the supposed fraud is a single paragraph in Muddy Bite's three-page May 2024 declaration claiming "substantially exclusive" use of its first-in-kind mini-cone trade dress. (Mot. at 2, Ex. A.)[1] Settled law and undisputed facts confirm, however, that Ms. Ferraioli's averment was not even false, let alone fraudulent. Muddy Bites was the first to introduce its innovative mini-cone snack to the market. Its product design won numerous industry awards, widespread acclaim, and broad consumer recognition. There were no prior or competitive users when Muddy Bites launched, or for several years afterwards. Defendants' contemporaneous communications show that even they understood the novelty of Muddy Bites's new product. Aytur Aksu, Evergreen's President, told associates he planned to intentionally copy Muddy Bites's innovative design, boasting that ***the "[n]ext product I will knock off is these guys [Muddy Bites]."*** (Ex. 1.) Aksu confirmed to others that he ***"[s]ent" MUDDY BITES® "to Turkey" to "back engineer" them*** and flood the U.S. market with imported copycats. (Ex. 2.)

Eager to distract from those admitted bad acts, Defendant demands ***nearly 500 attorney-client communications*** in hopes of manufacturing some "get out of liability-free" card. It fails

---

[1] Muddy Bites's declarant, Jessie Ferraioli, also detailed the mini-cone design's early acclaim, recognition, and commercial success as well as the substantial marketing and advertising efforts made to ensure consumers associated that design with Muddy Bites. Defendant offers no evidence (only argument) to support that the PTO did not consider those facts "material" and instead relied only on the single sentence concerning substantial exclusivity.

in several respects to carry its heavy burden. First, there is no even arguable fraud here. A trademark applicant "has no obligation [] to disclose known users believed to be infringing the applicant's rights in the mark." *Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.*, 841 F. Supp. 1339, 1353 (E.D.N.Y. 1994) (rejecting fraud theory at SJ); *Lego A/S v. Zuru Inc.*, No. 3:18-CV-2045 (AWT), 2026 WL 905318, at *46 (D. Conn. Apr. 2, 2026) ("applicant must disclose only those users who are known to have a right to use the same or a related mark."). Critically, substantial exclusivity is ***not*** undermined by competing uses that are "inconsequential ***or infringing***." *L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349, 1352 (Fed. Cir. 1999) (quoting TMEP § 1212.05(b)) (emphasis added). Defendant acknowledges that Muddy Bites always considered Defendant's and others' copycat products as infringing. (Mot. at 2; Ex. E.) Muddy Bites's prior Opposition explained how Defendant's own facts negate any possibility of fraud. (Dkt. 107.) Defendant's revised papers offer no response.

Second, and equally fatal, Defendant fails to prove that any of the hundreds of privileged communications it seeks "was *itself* in furtherance of the crime or fraud" and "*intended* in some way to facilitate or to conceal the criminal activity." *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999) ("*Roe II*") (emphases in original). Its list of materials sought (Ex. K) makes plain they bear no articulable nexus to any claimed fraud. Among other things, the documents pre-date the challenged declaration by up to and over two years, post-date it by months, and/or do not even involve the declarant. Defendant was required to adduce facts to support its request for such a gross invasion of privilege (and concomitant request to burden the Court on a rote *in camera* review exercise). It has not. For all these reasons, the Motion should be denied.

## I. DEFENDANT CANNOT CARRY ITS BURDEN TO PIERCE PRIVILEGE

Attorney-client privilege plays a "critical role in our judicial system" and must be jealously guarded. *Roe II*, 168 F.3d at 71. The crime-fraud "exception does not apply simply because privileged communications would provide an adversary with evidence of a crime or fraud," or else "the privilege would be virtually worthless[.]" *Roe I*, 68 F.3d at 40; *see Omnicom*, 233 F.R.D. at 405-06 (explaining threats to privilege and high bar needed to pierce same).

Defendant must adduce "a factual basis," rooted in actual evidence, on which a "prudent person" could reasonably find that a fraud occurred. *US v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997). "This burden is not satisfied by a showing that the material in question might provide evidence of a crime or fraud.' *Omnicom*, 233 F.R.D. at 404. Mere allegations, conjecture, or other unsupported say-so are similarly insufficient. *Howie v. Ernst & Young LLP*, 2026 WL 836193, at *8 (S.D.N.Y. Mar. 26, 2026) (collecting cases).

Defendant must further show that each specific communication "was *itself* in furtherance of" and "*intended* [] to facilitate" the alleged fraud. *Roe II*, 168 F.3d at 71 (emphases in original).

### A. Defendant Shows No Probable Cause That Any Fraud Occurred

Defendant argues that Muddy Bites knew it and other copycats had entered the market, as evidenced by Muddy Bites's "cease-and-desist letters," and so therefore Muddy Bites could not have believed its use was "substantially exclusive." (Mot. at 2.) No "prudent person" could infer fraud from these facts. It is settled that others' "inconsequential ***or infringing***" use does not negate an applicant's substantial exclusivity. *L.D. Kichler*, 192 F.3d at 1352. Here, it remains undisputed that Muddy Bites has always maintained that Defendants' (and others') uses infringed. (Mtn. at 2; Ex. E; *accord* Dkt. 102 at 2.)[2] It is thus beyond debate that Muddy Bites's Declaration was not even false, let alone knowingly or intentionally so. *Dial-A-Mattress*, 841 F. Supp. at 1353 (entering SJ where plaintiff "steadfastly maintained" defendant's use infringed); *Lego*, 2026 WL 905318, at *46 (rejecting fraud theory at SJ); *Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44, 48 (2d Cir. 2017) (affirming SJ). Defendant's crime-fraud cases are readily distinguishable[3] and its fraud authorities support Muddy Bites or are irrelevant.[4]

[2] And, as noted above, Defendant recognized in real-time that Muddy Bites's innovative design was so unique and successful to warrant "knock[ing] off" and "back engineer[ing.]" (Exs. 1, 2.)

[3] In *Chevron*, the movant submitted a competent witness's sworn declaration that counsel "bribed the judge who signed the Ecuadorian Judgment to obtain their desired result and, in fact, supplied him with the [ghostwritten] decision[.]" 2013 WL 1087236, at *6-7, *28 (S.D.N.Y. Mar. 15, 2013). In *Specialty Minerals*, a patent applicant owed a duty to disclose ***all*** material prior art, twice concealed such art, and "offer[ed] no compelling or even plausible account for its double failure to disclose." 220 F.R.D. 41, 43 (S.D.N.Y. 2004).

[4] *Galperti* recognized that others' infringing use does not contradict an applicant's substantially exclusive use. 17 F.4th 1144, 1147 (Fed. Cir. 2021). *Marshall Field* granted leave to assert a fraud-on-the-PTO theory, without

Defendant hopes to conjure probable cause by disagreeing that Muddy Bites's trade dress acquired secondary meaning before Defendant launched its self-styled "knock off[s]" in late 2021. (Mtn. at 4 n.5.)[5] But it still offers no evidence to inform that fact-intensive inquiry. Defendant may not nullify attorney-client privilege through its unsupported say-so that it will prevail on contested issues. *See, e.g.*, *Howie*, 2026 WL 836193, at *8.

### B. Defendant Does Not Show Any Communication "In Furtherance Of" Fraud

Separately fatal, Defendant still sets forth no facts to support that any communication "was *itself* in furtherance of" and "*intended* in some way to facilitate" any fraud. *Roe II*, 168 F.3d at 71. Virtually all of the hundreds of communications in issue (a) precede the challenged statement by months, if not years; (b) post-date the same; and/or (c) do not involve the Declarant. (Ex. K.) Even where not so obviously unrelated to its baseless claims, Defendant still offers no "specific facts about the documents themselves," or even any legally valid theory, to support any nexus to any fraud. *Sulaymu-Bey v. City of New York*, 372 F. Supp. 3d 90, 92 (E.D.N.Y. 2019).

## IV. IN CAMERA REVIEW IS NEITHER AVAILABLE NOR WARRANTED

*In camera* review is neither "to be routinely undertaken" nor "a substitute for a party's submission of an adequate record in support or in opposition to privilege claims." *In re In-Store Advert. Sec. Litig.*, 163 F.R.D. 452, 459 (S.D.N.Y. 1995). The Supreme Court requires a sufficient factual showing "before a district court may engage in *in camera* review[.]" *US v. Zolin,* 491 U.S. 554, 574 (1989). Defendant makes no such showing. It still concedes that no fraud occurred and offers no evidence that any communication was "in furtherance of" fraud.

---

addressing whether the others' known use was alleged to be infringing. 11 U.S.P.Q.2d 1355, *4 (T.T.A.B. 1989). The Board ultimately found no fraud despite that applicant knew of ***11*** users, because "***[a]ll that is required of the declarant [] is a reasonable belief of substantially exclusive use.***" 25 U.S.P.Q.2d 1321, at *9 (T.T.A.B. 1992) (emphasis added). *Levi* is of no moment because the mark holder acknowledged "widespread and common use" of the mark even "before … [its] claimed date of first use." 742 F.2d 1401, 1404 (Fed. Cir. 1984).

[5] Defendant may not twist Ms. Ferraioli's recitation of 37 CFR § 2.41(b)(2) into an "admission" that Muddy Bites's design did not acquire distinctiveness until after five years of use. (Mtn. 4 n.5; Ex. A, ¶ 19.)

## CONCLUSION

Defendant's Motion should be denied in its entirety.

Dated: July 1, 2026

Respectfully submitted,

*/s/ Doug Tilley*

Doug Tilley, Esq. (*pro hac vice*)
J. Noah Hagey, Esq.
Garrett Biedermann, Esq.
Andrew Coleman, Esq. (*pro hac vice* application forthcoming)
Oliver McNicholas, Esq. (*pro hac vice* application forthcoming)
**BRAUNHAGEY & BORDEN LLP**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-940
hagey@braunhagey.com
biedermann@braunhagey.com
acoleman@braunhagey.com

**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
tilley@braunhagey.com
omcnicholas@braunhagey.com

*Counsel for Plaintiff Muddy Bites, Inc.*