UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUDDY BITES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVERGREEN USA LLC d/b/a JUST THE FUN PART and AYTUR AKSU,<br><br>Defendants. | Case No. 1:24-cv-07089-LAK-SLC |

# MEMORANDUM OF LAW IN SUPPORT OF BRAUNHAGEY & BORDEN LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND TO STAY PROCEEDINGS


J. Noah Hagey, Esq.
Garrett Biedermann, Esq.
**BRAUNHAGEY & BORDEN LLP**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
Facsimile: (646) 403-4089
hagey@braunhagey.com
biedermann@braunhagey.com

Doug Tilley, Esq. (admitted *pro hac vice*)
**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210
Facsimile: (415) 276-1808
tilley@braunhagey.com

## PRELIMINARY STATEMENT

BraunHagey & Borden LLP ("BHB" or the "Firm") respectfully moves pursuant to Local Civil Rule 1.4 for leave to withdraw as counsel of record for Plaintiff Muddy Bites, Inc. ("Muddy Bites"), and for a sixty-day stay of all proceedings and deadlines so that Muddy Bites may retain replacement counsel. Muddy Bites has been fully informed of this motion, consents to it, and is actively engaged in retaining successor counsel, with BHB's support.

Professional considerations have arisen that require withdrawal under Rule 1.16 of the New York Rules of Professional Conduct. The circumstances giving rise to this motion involve matters that counsel cannot disclose publicly without risking prejudice to Muddy Bites and/or revealing information protected by the attorney-client privilege and counsel's ethical obligations. Accordingly, and consistent with settled practice in this District, the specific circumstances are set forth in Declarations of outside counsel Doug Tilley (the "Tilley Declaration") and Muddy Bites Chief Executive Officer Stephanie Paras (the "Paras Declaration"), which are submitted contemporaneously under seal for the Court's *in camera* review. In accordance with Local Civil Rule 1.4, the Firm states that it is not asserting a retaining lien and reserves its rights with respect to a charging lien.

## BACKGROUND

BHB has represented Muddy Bites in this action since its inception in September 2024. The Firm's attorneys of record are J. Noah Hagey, Doug Tilley (admitted *pro hac vice*), and Garrett Biedermann.

The case is in fact discovery, which is scheduled to close on August 7, 2026, with expert discovery to follow through October 9, 2026. (Dkt. 95.) The joint pretrial order and any summary judgment motions are due November 8, 2026. (*Id.*) No trial date has been set.

On June 18, 2026, the Court granted Muddy Bites leave to file a Second Amended Complaint adding Evergreen's principal, Aytur Aksu, as a defendant. (Dkt. 109.) Mr. Aksu answered Muddy Bites's Second Amended Complaint on July 2, 2026. (Dkt. 122.) Each side served additional discovery requests on the other on July 6, 2026, to which responses are due on August 5. No depositions have been taken. Defendants will not be prejudiced by BHB's withdrawal. Defendant Evergreen has previously requested and obtained case continuances and, until such time as new counsel appears, may serve any necessary papers directly on Muddy Bites by sending them to CEO Paras's attention at 500 West Madison Street, Suite 1000, Chicago, IL 60661.

Muddy Bites knowingly and freely assents to BHB's request for relief. (*See generally* Tilley Decl., Paras Decl.) Muddy Bites is actively engaged in retaining replacement counsel, with BHB's support. (*Id.*) BHB is serving this Motion on Muddy Bites by email and overnight mail, and will file proof of service per Loc. Civ. R. 1.4.

## <u>ARGUMENT</u>

### I. BHB SHOULD BE PERMITTED TO WITHDRAW AS PLAINTIFF'S COUNSEL

#### A. The Firm Has Satisfactory Reasons To Withdraw, Including Muddy Bites's Consent

Local Civil Rule 1.4(b) provides that an attorney who has appeared for a party "may be relieved or displaced only by order of the court," upon "a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien." Courts consider "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding," and have "considerable discretion in deciding a motion for withdrawal of counsel." *de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 10 (S.D.N.Y. 2020) (quotations omitted); *see Whiting v.*

*Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Courts also look to the New York Rules of Professional Conduct for guidance as to what constitutes a satisfactory basis for withdrawal. *See Crescit Mortg. Capital, LLC v. Emerald Bay Apartments, LLC*, No. 22 Civ. 10263 (DEH), 2024 WL 5710647, at *1 (S.D.N.Y. Apr. 25, 2024).

Satisfactory reasons exist here for BHB to withdraw as Muddy Bites's counsel. As set forth in the Tilley and Paras Declarations—which are appropriately submitted under seal for *in camera* review[1]— professional considerations have arisen that require withdrawal under Rules of Pro. Conduct R. 1.16. Muddy Bites, moreover, knowingly and freely assents to the requested relief. (*See* Paras Decl.) "[W]hen a party agrees to terminate counsel, the order to withdraw should issue except under the most compelling circumstances." *Schwartz v. AMF Bowling Ctr., Inc.*, 746 F. Supp. 3d 1, 6 (E.D.N.Y. 2024) (quotation omitted); *see also TufAmerica, Inc. v. Codigo Music LLC*, No. 11 Civ. 1434 (ER), 2017 WL 3475499, at *6–7 (S.D.N.Y. Aug. 11, 2017) (granting withdrawal where, among other things, the client consented).

---

[1] "[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel." *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006). "[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw." *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-cv-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998). Moreover, the Firm's sealing request is narrowly tailored, seeking to shield only Declarations addressing confidential and otherwise protected matters while all other motion papers are public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Adverse parties—here, Defendants—have "no legitimate interest in learning the specifics" animating the motion, *Team Obsolete*, 464 F. Supp. 2d at 165, and are "not entitled to a more complete description of [the grounds for withdrawal], or a briefing schedule which will permit them to respond further," *Harrison Conf. Servs., Inc. v. Dolce Conf. Servs., Inc.*, 806 F. Supp. 23, 26 (E.D.N.Y. 1992). Opposing parties remain "able to respond effectively" to a withdrawal motion even where the supporting papers are sealed. *Millennium Pipeline Co., L.L.C. v. Acres of Land, Inc.*, No. 07-CV-6511, 2015 WL 13834659, at *1 (W.D.N.Y. Mar. 24, 2015); *see also TufAmerica*, 2017 WL 3475499, at *6 (supporting correspondence filed under seal).

### B. Granting BHB's Consented-To Request Will Neither Unduly Disrupt Proceedings Nor Prejudice Muddy Bites Or Defendants

In weighing a withdrawal motion, courts consider whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting*, 187 F.3d at 320–21 (quotation omitted). The concern is greatest where counsel seeks to withdraw "on the eve of trial." *Id.* at 323. No trial date has been set here. The joint pretrial order and any dispositive motion are not due until November 8, 2026. Fact discovery remains open, no depositions have been taken, and each side just served additional written discovery upon the other, with responses due in early August. The only pending motion—Evergreen's renewed motion to compel—is fully briefed, requires no further submission from Muddy Bites, and awaits decision by Magistrate Judge Cave. (Dkt. Nos. 112, 118.)

"Where, as here, discovery has not yet closed and the matter is not trial-ready, withdrawal of counsel is unlikely to cause undue prejudice." *Ameruso v. City of New York*, No. 15 Civ. 03381, 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016); *accord Crescit*, 2024 WL 5710647, at *2; *see also Schwartz*, 746 F. Supp. 3d at 7 (granting withdrawal where a summary judgment motion was *sub judice* and no trial date had been set). The transition will, moreover, be orderly given that (a) Muddy Bites consents to termination of its relationship with BHB and is actively retaining successor counsel; (b) the Firm does not have an retaining lien which might impede timely transfer of the case file; and (c) BHB has instead committed to transfer the file. Finally, Defendants will not be prejudiced by granting the requested leave. Muddy Bites has previously agreed to extensions and continuances where requested by Defendants. Defendants may serve any necessary papers ot Muddy Bites's headquarters until new counsel appears.

## II. A SIXTY-DAY STAY IS WARRANTED SO THAT MUDDY BITES MAY RETAIN NEW COUNSEL

As a "corporation," Muddy Bites "may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S. Ct. 716 (1993); *see de Jesus Rosario*, 491 F. Supp. 3d at 12 n.2 (a corporate party "cannot represent itself *pro se*"). Courts accordingly stay proceedings following counsel's withdrawal to permit the client to retain new counsel and bring them up to speed. *See Team Obsolete*, 464 F. Supp. 2d at 167 (thirty-day stay); *Schwartz*, 746 F. Supp. 3d at 10 (same); *Crescit*, 2024 WL 5710647, at *2–3 (setting deadline for appearance of replacement counsel). A sixty-day stay is appropriate here in light of the discovery posture, the recently amended pleadings, and the volume of the file that incoming counsel must absorb. The Firm will facilitate a prompt and orderly transition, consistent with Rule Prof. Cond. 1.16(e).

## III. THE COURT SHOULD TEMPORARILY STAY PROCEEDINGS WHILE IT CONSIDERS BHB'S CONSENTED-TO MOTION TO WITHDRAW

As further explained in the Tilley and Paras Declarations, it is neither feasible nor desired by any party for the Firm to continue to advocate on Muddy Bites's behalf while its agreed-to withdrawal Motion remains pending, whether by taking or defending depositions, responding to Defendants' discovery requests, ensuring Defendants' compliance with Muddy Bites's requests, preparing expert reports, or otherwise. (*See generally* Tilley Decl., Paras Decl.) As such, to prevent prejudice to Muddy Bites while the Court reviews BHB's Motion, the Firm respectfully requests that the Court temporarily stay all proceedings until such time as it addresses the merits of the Firm's Motion.

## CONCLUSION

For the foregoing reasons, BHB respectfully requests that the Court grant the Firm leave to withdraw as counsel of record for Muddy Bites, stay all proceedings and deadlines for sixty

days so that replacement counsel may appear, in a form substantially similar to that outlined in the accompanying [Proposed] Order. BHB further requests that the Court temporarily stay all proceedings while it evaluates the Firm's consented-to Motion.

Dated: July 10, 2026

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Doug Tilley*

Doug Tilley, Esq. (admitted *pro hac vice*)
J. Noah Hagey, Esq.
Garrett Biedermann, Esq.
**BRAUNHAGEY & BORDEN LLP**
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403
Facsimile: (646) 403-4089
tilley@braunhagey.com
hagey@braunhagey.com
biedermann@braunhagey.com

*Counsel for Plaintiff Muddy Bites, Inc.*