COLE SCHOTZ P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000 201-489-1536 fax

New York — Delaware — Maryland — Texas — Florida

David S. Gold
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6305
Writer's Direct Fax: 201.678.6305
Writer's E-Mail: DGold@coleschotz.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-2-26

October 30, 2026

**Via CM/ECF Filing**

The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *Muddy Bites, Inc. v. Evergreen USA LLC*
Civil Action No. 1:24-cv-07089-LAK

Dear Judge Kaplan:

We represent Defendant/Counterclaim-Plaintiff Evergreen USA LLC ("Evergreen") in the above matter. We respectfully submit this letter motion to request that the Court: (i) hold in abeyance Evergreen's pending Rule 72(a) Objection (Dkt. No. 153; the "Objection) to Magistrate Judge Cave's September 29, 2026 Opinion and Order (Dkt. No. 147); and (ii) suspend Evergreen's deadline to file its reply in further support of its Objection, pending a renewed motion to compel that Evergreen intends to file with Magistrate Judge Cave based on newly discovered evidence bearing on the falsity of an additional representation in Muddy Bites' May 8, 2024 declaration to the USPTO. In addition, to the extent the referral to Magistrate Judge Cave has been closed, Evergreen respectfully requests that the Court refer the matter back to Magistrate Judge Cave for consideration of Evergreen's renewed motion and any supplemental briefing.

As the Court is aware, Evergreen's Renewed Motion to Compel (Dkt. No. 112) centers on the false declaration that Muddy Bites submitted to the USPTO on May 8, 2024, in which Muddy Bites swore "***substantially exclusive*** and continuous use [of its generic cone-shaped design] in commerce for at least five years immediately before" that date. Evergreen argued that Muddy Bites knew Evergreen held a larger share of the mini-cone market, and, therefore, that the declaration's claim of "substantially exclusive and continuous use" was false and was made with the intent to deceive the USPTO so that Muddy Bites could finally obtain its twice-rejected Principal Register trademark registration. Evergreen sought an order compelling the production of privileged communications that Evergreen believes were made in furtherance of a scheme to defraud the USPTO. Magistrate Judge Cave denied the motion on September 29, 2026 (Dkt. No. 147), Evergreen objected under Rule 72(a) (Dkt. No. 153), and Muddy Bites opposed (Dkt. No. 158).

Case 1:24-cv-07089-LAK-SLC Document 159 Filed 10/30/26 Page 2 of 2



Following disposition of Evergreen's renewed motion to compel, Evergreen identified an additional false statement in Muddy Bites' declaration to the USPTO. The May 8, 2024 declaration, sworn to by Muddy Bites' Head of Marketing, Jessie Ferraioli, asserts "substantially exclusive and continuous use in commerce ***for at least five years immediately before***" the date of the declaration. Under 37 C.F.R. §2.41(a)(2), five years of substantially exclusive and continuous use in commerce may be accepted as *prima facie* evidence that a mark has acquired distinctiveness. However, multiple documents produced by Muddy Bites now make clear that Muddy Bites' first sale did not occur until November 2019 – less than five years before the May 8, 2024 declaration. Most notably, the declarant, Ms. Ferraioli, herself confirmed the November 2019 first sale date in correspondence with a Muddy Bites principal. (*See* Ex. 1 (Ms. Ferraioli confirming the November 2019 first sale date).) That admission bears directly on the known falsity of the declaration – a November 2019 first sale cannot be reconciled with a sworn representation of five years of continuous use as of May 8, 2024 – and was not part of the record before Magistrate Judge Cave. Other Muddy Bites documents likewise confirm that its first sale did not occur until November 2019, roughly 4.5 years before Ms. Ferraioli's declaration. *See* Exs. 2-4. Evergreen requested, and is still awaiting, Muddy Bites' complete financial records from this period to confirm those dates.

Evergreen respectfully submits that this is the proper procedure for raising a new, related discovery issue and that it will conserve judicial resources by avoiding a second, separate motion to compel based on this additional, demonstrably false statement. This Court "can suspend the Rule 72 briefing if the motion for reconsideration appears to have any merit or if the issue is better addressed by the magistrate judge in the first instance," and may extend the time for Rule 72 submissions pending the related application. *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 789 (S.D.N.Y. 2021). Courts in this District have done exactly that – holding a Rule 72(a) objection in abeyance pending a related motion before the magistrate judge, with leave to supplement the objection within fourteen days after that ruling. *See Kaweske v. Banco Bradesco S.A.*, Case No. 1:25-cv-06588-JLR-RFT, 2026 WL 2690639 at *2 (S.D.N.Y. Sept. 14, 2026).

Accordingly, Evergreen respectfully requests that the Court hold the Objection (Dkt. No. 153) in abeyance, suspend Evergreen's reply deadline pending Magistrate Judge Cave's disposition of Evergreen's renewed motion to compel, and permit Evergreen to file either a supplement to its Objection or its reply within fourteen (14) days after that disposition. Evergreen will file its renewed motion with Magistrate Judge Cave within seven (7) days of this letter. We thank the Court for its attention and assistance. We are available at the Court's convenience to address any questions.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ David S. Gold*

David S. Gold

Granted

SO ORDERED

LEWIS A. KAPLAN, USDJ 11/1/26